IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

**FILED**
OCT 22 2021
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN REGISTER AND TRAP AND TRACE DEVICE | Misc. No. 2:21-MJ-209<br><br>**Filed Under Seal** |

## APPLICATION

The United States of America, moving by and through Robert M. Reeves, undersigned counsel, respectfully submits under seal this *ex parte* application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of a pen register and a trap and trace device ("pen/trap device") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to and from the Apple Inc. ("Apple") account(s) listed in Attachment A. In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Federal Bureau of Investigation.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen/trap device is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation of possible violations of 18 U.S.C. 2119 by ISAIAH DUKES.

6. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming

2

calls. Similar principles apply to communications sent over the Internet, as described below.

10. Apple is a United States company and provider of electronic communications services as defined by 18 U.S.C. §§ 3127(1) and 2510. Apple provides a variety of services that can be accessed from its electronic devices (such as the iPhone and iPad), including many that allow its users to communicate with each other and with Apple's servers as described below.[1]

11. For example, Apple provides email service to its users through email addresses at the domain names mac.com, me.com, and icloud.com. Users can access their Apple-provided email from Apple devices or by using web browsers on other devices.

12. iMessage and FaceTime allow users of Apple devices to communicate in real-time. iMessage enables users of Apple devices to exchange instant messages ("iMessages") containing text, photos, videos, locations, and contacts, while FaceTime enables those users to conduct audio and video calls.

13. iCloud is a cloud storage and cloud computing service from Apple that allows its users to interact with Apple's servers to, for example, backup device data ("iCloud Backup"), store and share photos ("iCloud Photos") and files ("iCloud Drive"), access Apple-provided email ("iCloud Mail"), and sync account data so users can easily access their contacts, bookmarks and browsing history, calendars, notes, and other data from any of their Apple devices.

14. A pen/trap device can collect dialing, routing, addressing, and signaling information about these and other communications over an Apple account without revealing the contents of the communications.

---

[1] The information in this section is based on information published by Apple on its website, including, but not limited to, "U.S. Law Enforcement Legal Process Guidelines," available at http://images.apple.com/privacy/docs/legal-process-guidelines-us.pdf.

15. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol ("IP") address. This number is used to route information between devices. Generally, when one Internet-connected device (such as a laptop or smartphone) requests information from a second device (such as Apple servers hosting data relating to the subscriber's account), the requesting device specifies its own IP address so that the responding device knows where to send its response. In other words, when a user logs into their Apple account or takes an action while logged in, the user's device transmits the IP address assigned to it to Apple servers as part of its communication. This IP address is analogous to a telephone number and can be recorded by a pen/trap device, and it indicates the online identity of the communicating device without revealing the communication's content.

16. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header, which contains routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size. Source and destination port numbers are also included in specific fields within the headers of data packets and are used to route data packets either to a specific device or a specific process running on a device. When combined with the source and destination IP addresses, this routing information identifies the source device transmitting an IP packet and the destination device receiving the IP packet, and it is possible to record it via a pen/trap device without capturing the communication's content.

17. The conduct being investigated involves use of the Apple account(s) described in Attachment A. To further the investigation, investigators seek to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the account(s).

## GOVERNMENT REQUESTS

18. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of a pen/trap device to record, decode, and/or capture the dialing, routing, addressing, and signaling information associated with each communication (including but not limited to activity over FaceTime, iMessage, iCloud, and email) to or from the Apple account(s) described in Attachment A, including, without geographic limit: the date and time of the communication; source and destination information (including account and device identifiers and login and transactional IP addresses with associated port numbers); and any other header or routing information. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

19. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

20. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Apple and any other person or entity providing electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity providing such

assistance shall be reasonably compensated by the Federal Bureau of Investigation pursuant to 18 U.S.C. § 3124(c) for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

21. The United States further requests that the Court order Apple and any other person or entity whose assistance may facilitate execution of this Order to provide such necessary information, facilities, and technical assistance so that the Federal Bureau of Investigation begins to receive the information described above no later than 5 days after service of the Order upon Apple.

22. The United States further requests that the Court order Apple and any other person or entity whose assistance may facilitate execution of this Order to provide prior notice to the applicant and the Federal Bureau of Investigation before terminating or changing service to the account(s) described in Attachment A.

23. The United States further requests that the Court order that the Federal Bureau of Investigation and the applicant have access to the information collected by the pen/trap device as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

24. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Apple and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, unless and until authorized by this Court, except that Apple may disclose this Order to an attorney for Apple for the purpose of receiving legal advice.

25. The United States further requests that this application and any resulting Order be

sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

26. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with one certified copy of this application and Order and provide certified copies of the resulting Order to the Federal Bureau of Investigation and Apple upon request.

27. The foregoing is based on information provided to me in my official capacity by agents of the Federal Bureau of Investigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10 – 22 – 2021 .

Robert M. Reeves
Assistant US Attorney
220 West Depot Street, Greeneville, Tennessee
423-329-5433
Robert.reeves@usdoj.gov

ATTACHMENT A

## Apple Inc.

| Type of facility | Number or identifier | Subscriber, if known | Subject of investigation, if known |
|---|---|---|---|
| Apple account | Trouble2312@icloud.com | Unknown | ISAIAH DUKES |